UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GERRY D. RICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-282-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOURBON COMMUNITY | ) | **MEMORANDUM OPINION** |
| HOSPITAL, LLC, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Gerry Rice filed a *pro se* complaint against Defendant Bourbon Community Hospital (hereafter, the "Hospital") with the Bourbon County Circuit Court on September 30, 2022. [Record No. 1-2] On October 24, 2022, the Hospital removed the case to this Court and filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record Nos. 1, 4] Local Rule 7.1(c) requires that a party opposing a motion "file a response within 21 days of service of the motion," and failure to submit a timely response "may be grounds for granting the motion." Accordingly, Rice's failure to respond within 21 days of service of the motion to dismiss constitutes sufficient grounds for dismissal. However, the Court will nonetheless consider the merits of the defendant's motion.

Because Rice has failed to plead any plausible claim for relief, the Hospital's motion to dismiss will be granted.

**I. Background**

Gerry Rice is a resident of Paris, Kentucky and a self-described "disabled black veteran." [Record No. 1-2, p. 5] He visited the Hospital on April 12, 2022, for undisclosed

- 1 -

reasons.  [*Id.*]  During this visit, Rice claims that he was forced to "hold[] the bed rail for over three hours because the [hospital staff] refused to touch or aid him while he was spasming and in medical distress."  [*Id.*]   Specifically, he states that an emergency room doctor refused to administer necessary treatment because the doctor "could not dispense . . . valium in [the plaintiff's] buttocks."  [*Id.* at p. 6]  Rice further claims that the Hospital's staff called the Paris Police Department and requested that officers escort him to St. Joseph's Hospital because the Hospital "did not want to treat or touch [him]."  [*Id.*]  He states that during his transfer "the entire emergency room staff watched as he attempted to exit [the] hospital . . . [while] writhing in pain," and that no employee offered to assist him.  [*Id.*]

Rice filed his complaint with Bourbon County Circuit Court on September 30, 2022. [*Id.* at p. 2]  He asserted three claims against the hospital in his Complaint.  First, he alleged that the defendant's misconduct violated his "right to fair and equal treatment" under 42 U.S.C. §§ 1983 and 1988.  [*Id.* at pp. 4, 7]  He also asserted a negligence claim, contending that "the defendant's misconduct directly . . . caused [the plaintiff] to suffer injuries."  [*Id.* at p. 7]  Finally, Rice asserted a claim for "false reporting," in which he contended that the Hospital's actions caused him to suffer "shock, extreme emotional distress, and humiliation."  [*Id.*]

## II.  Legal Standard

Federal pleading standards demand "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A court may dismiss a party's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when the party fails to "state a claim upon which relief can be granted." Courts reviewing a motion to dismiss must accept all "well-pleaded factual allegations" as true and "determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  But a

"pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This standard requires "either 'direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 772 (E.D. Ky. 2017) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). Dismissal is warranted when this standard is not satisfied.

The Sixth Circuit has recognized that Rule 8's directive that "all pleadings shall be construed as to do substantial justice" is "particularly true where . . . any were drafted by someone who is not an attorney." *Myers v. United States*, 636 F.2d 166, 169 (6th Cir. 1981). Similarly, a claim brought by a *pro se* plaintiff "is not to be dismissed because the plaintiff has misconceived the proper theory of the claim, if he is entitled to relief under any theory." *Id.* (citing Charles Alan Wright, *Law of the Federal Courts* § 68 (2d ed. 1970)). Accordingly, a *pro se* litigant is entitled to an opportunity to offer proof of his claims unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (citation omitted).

### III. Analysis

#### A. Rice's Federal Claims

The Hospital first argues that Rice's claims under 42 U.S.C. § 1983 should be dismissed because he has failed to establish that it is a state actor. [Record No. 4, pp. 2-4] As the Hospital explains, Rice fails to state a claim for relief under § 1983 because his complaint "contains no allegations suggesting that [the Hospital] is a state actor," that it receives state funds, or that

- 3 -

the state is "directly responsible for managing it." [*Id.* at p. 4]  Additionally, the Hospital contends that the plaintiff's § 1988 claim should be dismissed because the statute does not provide Rice with a cause of action. [Record No. 4, pp. 2-5]

"A § 1983 claim must satisfy two elements: '1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'"  *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (citation omitted).  Under the second requirement, a party is deemed to have acted under color of state law if the party is a "'state actor,' that is, [if its] actions are 'fairly attributable to the state.'"  *Id.* at 195 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "[I]f the actions of the defendant[] were not state action, our inquiry ends."  *Crowder v. Conlan*, 740 F.2d 447, 449 (6th Cir. 1984).  The Sixth Circuit recognizes several theories by which a plaintiff can establish that a private entity's conduct is attributable to the state, including by showing that "the State's constitution treats the entity or person as an organ or state government or as a state official," that "the State compel[led] the [entity] to act the way it did," that "there [was] a symbiotic relationship between [the entity] and the State," or that the entity "serve[s] a public function traditionally handled just by the state."  *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020).

Rice has not pleaded facts to support any of the above-mentioned ways of establishing state action.  The Hospital argues that is "privately run," and Rice does not provide any allegations disputing that assertion or otherwise proving that its actions are attributable to the state. [Record No. 4, p. 4]  Specifically, he does not show that the Kentucky constitution confers public status on the Hospital, that it receives significant funding from the state, that the state is heavily involved in its affairs, or that it serves a public function.  *See Jackson v.*

*Norton-Children's Hospitals, Inc.*, 487 F.2d 502, 503 (6th Cir. 1973) ("Whenever state action has been discovered in the activities of an ostensibly private hospital something more than a partial federal funding is involved.") (collecting cases); *Sarin v. Samaritan Health Ctr.*, 813 F.2d 755, 760 (6th Cir. 1987) (finding no state action for private hospital that was licensed and regulated by the state and received Medicare and Medicaid funds); *Grant v. Trinity Health-Mich.*, 390 F. Supp. 2d 643, 657 (E.D. Mich. 2005) ("It is well established . . . that private hospitals, even those receiving federal and state funding and tax-exempt status, are not state actors under § 1983."). Because Rice has failed to allege state action, the Hospital's motion to dismiss his § 1983 claim will be granted.

Rice's § 1988 claim will also be dismissed because that statute does not provide the plaintiff with a cause of action. The Hospital correctly notes that Section 1988(a) only "sets forth the statutory and common law that apply when a person sues for a civil rights violation" pursuant to other civil rights statutes. [Record No. 4, p. 4]; *Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973) ("Congress may have assigned to the process of judicial implication the task of selecting in any particular case appropriate rules from state law to supplement established federal law [in Section 1988(a), but] the application of that process is restricted to those contexts in which Congress has in fact authorized resort to state and common law."). Additionally, subsections (b) and (c) of the statute authorize courts to provide attorney's fees and expert fees to a prevailing party, but only "[i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986." 42 U.S.C. § 1988(b), (c). The Sixth Circuit has repeatedly held that "section 1988 does not create federal causes of action for violation of civil rights," and Rice has not alleged any facts to challenge that conclusion. *Hall v. Wooten*, 506 F.2d 564, 568 (6th Cir. 1974) (citing *Otto v. Somers*, 332 F.2d 697, 699

(6th Cir. 1964)); *see also Moor*, 411 U.S. at 702 (1973) ("[A]s is plain on the face of the statute, [Section 1988] is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."). Accordingly, Rice's § 1988 claim will be dismissed.

### B. Rice's State Claims

The Hospital next argues that Rice's state-law negligence claim should be dismissed because he failed to file a certificate of merit with his complaint. A plaintiff bringing a medical negligence claim under Kentucky law must "prove that the treatment given was below the degree of care and skill expected of a reasonably competent practitioner and that the negligence proximately caused injury or death." *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982). Expert testimony is required "to show that the defendant medical provider failed to conform to the standard of care." *Love v. Walker*, 423 S.W.3d 751, 756 (Ky. 2014). To that end, state law requires that a plaintiff alleging medical negligence "file a certificate of merit with the complaint in the court in which the action is commenced." KRS § 411.167(1). The certificate of merit is an affidavit or declaration stating that the plaintiff consulted with a qualified expert "who has concluded—after review and consultation—that there is a reasonable basis to bring the action." *Evans v. Baptist Health Madisonville*, 643 S.W.3d 105, 107 (Ky. Ct. App. 2022) (citing KRS § 411.167(2)(a)).

In lieu of a certificate of merit, a plaintiff may comply with the statute by filing an affidavit explaining: (1) that he was unable to consult with an expert before time expired to bring the action, and supplementing that affidavit with a certificate of merit within the following 60 days; (2) that he "made at least three . . . separate good-faith attempts with three . . . different experts to obtain a consultation and that none of those contacted would agree to

- 6 -

a consultation"; or (3) that a certificate of merit is unnecessary because "no cause of action is asserted for which expert testimony is required." KRS § 411.167(2)(b)-(c), (4).  Failure to comply with Section 411.167 is grounds for dismissal.  *Dumphord v. Gabriel*, No. 5: 20-461, 2021 WL 3572658, at *5-6 (E.D. Ky. Aug. 12, 2021) ("Dumphord's . . . noncompliance with Section 411.167's requirements warrant dismissal of his [negligence] claim against Bourbon Community."); *see also Cleaver v. S. Health Partners, Inc.*, No. 3: 21-747, 2022 WL 1620626, at * 2-3 (W.D. Ky. May 23, 2022) (dismissing plaintiff's negligence claim for failure to file either a certificate of merit or an affidavit satisfying one of the exceptions to the certificate of merit requirement); *Evans*, 643 S.W.3d at 108 (same).

Rice's complaint does not specify whether his claim is one for medical malpractice, which would require consultation with an expert, or an ordinary negligence claim.  Regardless, his complaint is deficient under Kentucky law because he did not file a certificate of merit pursuant to KRS § 411.167(1) or an affidavit explaining that no expert testimony is required, pursuant to KRS § 411.167(4).  *See Evans*, 643 S.W.3d at 108 (dismissing plaintiff's claim without deciding whether plaintiff brought medical malpractice claim or ordinary negligence claim because plaintiff did not file any affidavit in accordance with KRS § 411.167).  Because Rice did not comply with either Kentucky's certificate of merit requirement or one of its exceptions, his negligence claim will be dismissed on procedural grounds.

Finally, Rice's state-law, "false reporting" claim will be dismissed as insufficiently pleaded.  Although Rice, as a *pro se* litigant, is given some leeway in an analysis of his claims under Rule 12(b)(6), his complaint "still must meet basic pleading requirements." *Wesley v. Accessible Home Care*, No. 5:18-CV-200, 2018 WL 2709318, at *1 (E.D. Ky. June 5, 2018). Rice's false reporting claim fails to meet 12(b)(6)'s requirements, because his complaint

merely states that the defendant's "misconduct directly and proximity [sic] caused [the plaintiff] to suffer injuries, including shock, extreme emotional distress, and humiliation." [Record No. 1-2, p. 7]  Rice neither identified a statutory basis nor alleged any facts supporting his claim, apart from his statement that Hospital workers "called the Paris Police Department because the Emergency Room Staff did not want to treat or touch [him]."  [*Id.* at p. 6]

But even if the Court were to construe Rice's allegation as a claim for falsely reporting an incident to law enforcement under Kentucky law, he has nonetheless failed to state a cognizable claim for relief.  *See* KRS § 519.040.  Rice has not provided any information explaining how, by calling the police department, the Hospital workers "[r]eport[ed] to law enforcement authorities an offense or incident within their official concern knowing that it did not occur" as the Kentucky statute requires, or even why the Hospital contacted the police department to begin with.  *See* KRS § 519.040(1)(b).  While the Hospital explains that "Rice's behavior . . . sparked someone's call to the Paris Police Department" in its motion to dismiss, Rice did not provide any details addressing that claim by failing to respond to the Hospital's motion to dismiss.  [Record No. 4, p. 7]  Rice's "*pro se* status does not excuse a wholly inadequate pleading."  *Perry v. Wells Fargo Bank*, N.A., No. 21-5, 2021 WL 2093290, at * 3 (E.D. Ky. May 24, 2021).  Accordingly, the false reporting claim will be dismissed.

### IV.  Conclusion

Rice has not stated a claim on which relief can be granted pursuant to 42 U.S.C. § 1983 because he did not establish that the Hospital acted under color of state law.  His § 1988 claim fails because that statute does not provide Rice with a federal cause of action.  Regarding his state-law claims, Rice's negligence claim will be dismissed on procedural grounds for failure

to comply with Kentucky's requirement that he include a certificate of merit with his complaint. Finally, his false reporting claim will be dismissed as insufficiently pleaded.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The defendant's motion to dismiss for failure to state a claim [Record No. 4] is **GRANTED**.

2. All schedules with respect to Plaintiff Gerry Rice's claims against Defendant Bourbon Community Hospital are **CANCELED**. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: December 2, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky